IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN CONDON,<br>    Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 23-CV-0838 |
| GREGORY NESTER, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

Plaintiff Brian Condon has filed a *pro se* Complaint raising constitutional claims pursuant to 42 U.S.C. § 1983 as well as state law claims.[1] Named as Defendants are (1) Gregory Nester, a public defender who allegedly represents Condon in a matter before the Montgomery County Court of Common Pleas, and (2) the County of Montgomery in the state of Pennsylvania. Condon also seeks leave to proceed *in forma pauperis* (ECF Nos. 1 & 4). For the following reasons, the Court will grant Condon leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**

The allegations in Condon's Complaint are not entirely clear. He asserts that he is being detained at Montgomery County Emergency Services, Inc. ("MCES"), a hospital for mental health patients in Montgomery County, Pennsylvania. Although not specifically stated, it appears from the context of Condon's allegations that he is being detained at MCES involuntarily for treatment by authority of an order entered by the Montgomery County Court of

---

[1] Condon's Complaint contains only a typewritten signature. Under the discretion afforded by the Court's standing order, *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19* (E.D. Pa. May 13, 2020), the Court will accept the signature as compliant with Federal Rule of Civil Procedure 11. Condon is advised that all future pleadings submitted in federal court must contain a hand placed signature.

Common Pleas. He asserts that on March 2, 2023, five days after he alleges he was brought to MCES, an employee brought him to a room containing a tablet computer to allow Condon to meet with Defendant Nester via video call to discuss his upcoming court hearing.

During the call, Condon expressed to Nester that he did not feel safe at the facility. Condon also told Nester that he wanted to retain private counsel and of his efforts to do so. Nester allegedly told him that he probably did not have enough money to afford private counsel and that he, Nester, was the most experienced lawyer he would find. Nester allegedly outlined a few options related to Condon's detention at MCES. The options discussed by Nester for the hearing included consenting to a twenty-day detention, consenting to a shorter period of detention, requesting time to find a new lawyer, and opposing the detention. Nester allegedly described that Condon would have to go to a hearing where police officers and a psychiatrist would testify against him. Condon asserts that he "determined that [Nester]'s plan was to have [Condon] appear in court without any investigation" or without Condon being able to explain the incident that led to his detention or to present his own evidence. Condon then asserts he told Nester that he would agree to twenty-days of confinement, stating he refused to allow a court to decide about his confinement.

Condon alleges that Nester violated his constitutional rights by failing to fulfill a duty to defend him or, alternatively, by representing Condon without his consent. He asserts that Nester's defense efforts violated his professional duty by failing to act with "due care, skill, and diligence," resulting in an order from the Common Pleas Court that Condon be detained for twenty days. He also alleges that the basis for his detention was a "fraud made upon the Court of Common Pleas" due to allegedly false allegations reported to the police and the examination by an "admitting psychiatrist." Based on these allegations, Condon claims that Nester's actions

deprived him of his right to due process and effective assistance of counsel in violation of the Fifth and Fourteenth Amendments to the Constitution.

Condon also names Montgomery County as a Defendant, alleging that "through and by the Montgomery County Public Defender's Office" it "had a duty to defend [him]" and failed to do so or, alternatively, did so without his consent. He alleges that Montgomery County failed to defend him with "due care, skill, and diligence," resulting in the Court of Common Pleas issuing an order requiring his detention at the hospital for twenty days. As with Nestor, Condon claims that the actions of Montgomery County violated his rights under the Fifth and Fourteenth Amendments by depriving him of due process and effective assistance of counsel.[2]

Condon seeks unspecified money damages pursuant to 42 U.S.C. § 1983.

## II.     STANDARD OF REVIEW

As Condon appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

---

[2] Condon also asserts he has been involuntarily medicated. The Court does not understand Condon to be raising a separate claim based on his allegation that he was involuntarily medicated. In any event, since he does not allege that either of the named Defendants was personally involved in a decision to involuntarily medicate him, any such claim would not be plausible. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable).

3

2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Condon is proceeding *pro se*, the Court construes the allegations of his Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).  An unrepresented litigant "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).

## III. DISCUSSION

### A. Constitutional Claims

Condon asserts constitutional claims against the Defendants.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. Defendant Nester

Condon alleges that Defendant Nester is a public defender with the Montgomery County Public Defender's Office and violated his constitutional rights by representing him deficiently or without authorization in a proceeding in the Court of Common Pleas.  This Section 1983 claim is not plausible and must be dismissed.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  Furthermore, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of

their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (concluding that a court-appointed attorney is not a state actor for purposes of Section 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."). Because Nester is alleged to have been performing the traditional functions of a defense attorney, he is not a "state actor" and the civil rights claims brought against him under Section 1983 will be dismissed with prejudice.

### 2. Defendant Montgomery County

Condon also asserts constitutional claims seeking money damages against Montgomery County, alleging it had a duty, "through and by the Montgomery County Public Defender's Office," to represent him in the Court of Common Pleas proceeding. Construed liberally, it appears that Condon seeks to name Nester's employer, the Montgomery County Public Defender's Office, as a Defendant. This claim is also not plausible.

As with court-appointed counsel, public defender's offices are not considered state actors for purposes of Section 1983. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) (affirming plaintiff did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of Section 1983); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) (same). Accordingly, to the extent Condon's constitutional claim against Montgomery County can be construed as a claim against the Montgomery County Public Defender's Office for failing to represent him, that claim must also be dismissed.

To the extent that Condon seeks money damages against Montgomery County based on a different theory, the claim is still not plausible. To state a claim against a municipal entity like Montgomery County, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a claim. *See, e.g.*, *Szerensci v. Shimshock*, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (listing cases).[3]

Condon does not allege a specific custom or policy, nor does he allege that he was injured due to a Montgomery County custom or policy. Accordingly, to the extent Condon seeks to hold Montgomery County liable under Section 1983, the claim must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. State Law Claims

Condon also asserts state law claims. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28

---

[3] Moreover, a local government's liability under Section 1983 extends only to its "*own* illegal acts"—meaning local governments are not "vicariously liable" for the actions of their employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted). For this reason, Montgomery County cannot be liable based upon Nester's allegedly deficient or unauthorized representation of Condon.

U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (internal quotations and citations omitted). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship. *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972).

Condon does not allege the citizenship of the parties. Rather, he provides only a "General Delivery Cleveland Ohio" address for himself, Defendant Nester's work address, and names Montgomery County. He also fails to allege the amount in controversy in the case. Accordingly, Condon has not met his burden to sufficiently allege a basis for the Court to exercise diversity jurisdiction over any state law claims he intends to pursue.

**IV.     CONCLUSION**

Accordingly, the Court will dismiss Condon's federal law claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because any attempt to amend the federal law claims against Nester and Montgomery County would be futile, those claims will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Because the Court cannot say definitively at this time that diversity jurisdiction is lacking,

Condon will be permitted to file an amended complaint if he can cure this jurisdictional defect to pursue his state law claims in federal court.[4]  An appropriate order follows.

        **BY THE COURT:**

        /s/Wendy Beetlestone, J.

        **WENDY BEETLESTONE, J.**

---

[4] Condon may also pursue those claims in state court.